# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Steven C. Mannion |
| v. | : Magistrate No. 19-6158 (SCM) |
| EDDIE SANTOS-JOSE, <br> a/k/a "Eddie Jose Santos," <br> a/k/a "Edison J. Santos" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
May 16, 2019 at Newark, New Jersey

Steven C Mannion
HONORABLE JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE            Signature of Judicial Officer

## ATTACHMENT A

On a date on or after January 16, 2008, and on or before March 4, 2019, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

EDDIE SANTOS-JOSE,
a/k/a "Eddie Jose Santos,"
a/k/a "Edison J. Santos,"

being an alien, and on or about November 10, 2008, having been convicted in the United States District Court for the District of New Puerto Rico, of Re-Entry of a Previously Removed Alien, in violation of Title 8, United States Code, Section 1326(a)(1), a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, EDDIE SANTOS-JOSE, a/k/a "Eddi Santo," a/k/a "Edison J. Santos" (the "Defendant"), is a citizen of the Dominican Republic, and he neither is a citizen nor a national of the United States.

2. On or about December 18, 2007, the Defendant was arrested by ICE in Puerto Rico for illegally entering the United States.

3. Thereafter, on or about January 8, 2008, the Defendant was ordered removed from the United States to the Dominican Republic by an Immigration Judge sitting in Guaynabo, Puerto Rico.

4. On or about January 16, 2008, the Defendant was removed from the United States to the Dominican Republic.

5. At some point after his January 16, 2008 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

6. On or about September 8, 2008, the Defendant was arrested by law enforcement in the District of Puerto Rico for Re-Entry of a Previously Removed Alien, in violation of Title 8, United States Code, Section 1326(a)(1).

7. On or about November 10, 2008, the Defendant pled guilty in the United States District Court for the District of Puerto Rico, to Re-entry of a Previously Removed Alien, in violation of Title 8, United States Code, Section 1326(a)(1), and was subsequently sentenced to probation for a term of approximately five years, the circumstance of which offense constitute a felony.

8. On or about January 15, 2009, the Defendant was removed from the United States to the Dominican Republic. Shortly before his removal from the United States on or about January 15, 2009, an official from ICE took a fingerprint from the Defendant.

9. At some point after his January 15, 2009 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

10. On or about March 4, 2019, the Defendant was arrested by the Paterson Police Department in New Jersey, for committing various drug related offenses, including but limited to, CDS - Manufacturing/Distribution with Intent to Distribute – Heroin, in violation of Section 2C:35-5(b)(2) of the New Jersey Code of Criminal Justice.

11. On or about March 6, 2019, the Defendant entered into the custody of ICE in New Jersey.

12. A fingerprint taken from the Defendant pursuant to his 2008 arrest for Re-entry of a Previously Removed Alien was compared to his January 16, 2008 and January 15, 2009 deportation records and the March 6, 2019 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

13. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.